JOYCE KWIECINSKI, Appellant, v SEA BREEZE II CONDOMINIUM ASSOCIATION et al., Respondents. [803 NYS2d 597]—

In an action, inter alia, to recover for damage to real and personal property, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Lally, J.), entered April 29, 2003, as granted that branch of the defendants' motion which was for summary judgment dismissing the eighth cause of action, and (2) an order of the same court entered July 16, 2003, which denied that branch of her motion which was for leave to renew.

Ordered that the order entered April 29, 2003, is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was for summary judgment dismissing the eighth cause of action is denied, and that cause of action is reinstated; and it is further,

Ordered that the appeal from the order entered July 16, 2003, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In 1997 the condominium board of a condominium complex known as Sea Breeze II (hereinafter the board) hired a contractor to perform repair work on the exterior of the building at a cost of $52,296. The contractor agreed to finance the project over a two-year period and the board executed a note in the amount of $52,296. The board imposed a special assessment on all unit owners to cover the cost of the repairs. The unit owners did not vote on the decision to execute the note or on the imposition of the special assessment. The bylaws of the condominium provided that "the affirmative consent of at least two-thirds, both in number and in aggregate Common Interests, of all Unit Owners shall be required for the borrowing of any sum in excess of $50,000 in any one fiscal year."

The plaintiff, a unit owner in the condominium, commenced this action alleging, inter alia, that the board violated the condominium's bylaws in borrowing in excess of $50,000 without the requisite approval of the unit owners. The defendants moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the eighth cause of action finding, inter alia, that the board did not violate the condominium's bylaws.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Here, the defendants failed to demonstrate the absence of any triable issue of fact with respect to the plaintiff's claim that they violated the condominium's bylaws in borrowing more than $50,000 in 1997 without the requisite approval of the unit owners. Therefore, the submissions in support of the motion were insufficient to make out a prima facie case for summary judgment (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York, supra*). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the eighth cause of action.

The plaintiff's remaining contentions have been rendered academic in light of our determination. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.